UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

HENRY TUCKER,
                        Plaintiff,

           -v-

PUMA NORTH AMERICA, INC.,
                        Defendant.

19-CV-10291 (JPO)

ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      This action concerns Defendant Puma North America, Inc.'s failure to offer gift cards incorporating Braille to visually impaired customers.  Plaintiff Henry Tucker, who is visually impaired, alleges that Puma does not offer Braille gift cards and that he and other similarly situated individuals are therefore unable to independently use or access the information contained on the gift cards like a sighted customer could, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12182 *et seq.*, as well as New York City and State law.  (*See* Dkt. No. 16.)  Puma has moved to dismiss the operative complaint, Tucker's first amended complaint, pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6).  (*See* Dkt. Nos. 18, 21.)  Puma argues that Tucker lacks standing because he has not plausibly alleged a cognizable injury and that Tucker has failed to state a claim because the ADA does not require Puma to offer Braille gift cards.  (*Id.*)

      Both Tucker's complaint and Puma's arguments in support of its dismissal are materially indistinguishable from those in several cases recently decided by this Court, and the reasoning of these cases applies *mutatis mutandis* here.  For the reasons stated fully by this Court in *Mendez v. Outback Steakhouse of Florida*, No. 19-CV-9858, 2020 WL 4273820 (S.D.N.Y. July 23, 2020), the Court concludes that Tucker has standing, but that he fails to state a cognizable ADA claim.

*See id.* *2–3. First, gift cards are a "good" that Puma has no duty to modify under the ADA. *Id.* at *3 (quoting *Mendez v. BG Retail LLC*, No. 19-CV-11166, 2020 WL 3318293, at *2 (S.D.N.Y. June 18, 2020)). Second, Tucker has not "plead[ed] facts indicating that [Puma] refused [him] any [and all] means of 'effective communication' with respect to its gift cards," *id.* at *4 (emphasis omitted) (quoting 28 C.F.R. § 36.303(c)(1)(ii)), so his claim that Puma violates the ADA simply by failing to offer Braille gift cards as an "auxiliary aid[]" is also insufficient, *id.* (quoting 42 U.S.C. § 12182(b)(2)(A)(iii)). His federal claim is dismissed. Having dismissed the federal claim, the Court declines to exercise supplemental jurisdiction over Tucker's remaining New York City and State law claims. *See id.* at *4 (citing 28 U.S.C. § 1367(c)(3)).

Tucker is invited to inform the Court how a second amended complaint would state a sufficient claim — specifically, whether there are "additional facts indicating that [Puma] failed to provide auxiliary aids or services ensuring effective communication of the information on its gift cards to blind persons." *Id.* at *4.

For the foregoing reasons, Defendant's motion to dismiss the first amended complaint is GRANTED. Defendant's motion to dismiss the original complaint is DENIED as moot. Plaintiff shall file a letter motion either requesting leave to file a second amended complaint or indicating his intention not to do so on or before November 9, 2020. If Plaintiff chooses not to amend, the Court will enter final judgment and direct the Clerk of Court to close this case.

The Clerk of Court is directed to close the motions at Docket Numbers 11 and 18.

SO ORDERED.

Dated: October 26, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge